UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-22224-CIV-MORENO

MARIA H. MARCHAN and RAMON MARCHAN,

    Plaintiffs,

vs.

ROSS DRESS FOR LESS, a foreign corp.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT

THIS CAUSE came before the Court upon Defendant Ross Dress for Less's Motion to Dismiss Complaint or Alternative Motion for a More Definite Statement and Incorporated Memorandum of Law (**D.E. No. 5**), filed on **June 21, 2012**. Plaintiffs Maria H. Marchan and Ramon Marchan brought a negligence suit against Defendant Ross Dress for Less to recover damages for injuries that Mrs. Marchan sustained while she was shopping at one of Defendant's stores. In response, Defendant filed a motion to dismiss arguing that Plaintiffs' complaint failed to provide sufficient factual support for many of the elements of Plaintiffs' negligence claims. This Court agrees that the complaint lacks an adequate factual foundation for its legal assertions. Consequently, the Court grants Defendant's motion to dismiss without prejudice and with leave for Plaintiffs to file an amended complaint by no later than **September 5, 2012**.

### I. FACTUAL BACKGROUND

While shopping at a Ross Store owned and operated by Defendant Ross Dress for Less, Plaintiff Maria H. Marchan was injured when her shopping cart struck a dividing pole. She and

her husband, Ramon, have sued Ross for damages arising out of the incident. They claim that Ross negligently permitted the dangerous condition to exist on its premises, that Ross knew or should have known of the condition's existence, and that Ross failed to warn Mrs. Marchan about the condition.

Ross presently seeks to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Rule 12(b)(6), or alternatively moves for a more definite statement under Rule 12(e). First, Ross attacks the adequacy of the complaint's description of Mrs. Marchan's injury. It stresses the absence of any facts that account for the dangerous nature of the dividing pole, the exact location in the store where the incident occurred, or the nature and extent of Mrs. Marchan's injury.

Second, Ross maintains that the complaint improperly commingles and confuses allegations of Ross's negligent conduct with claims relating to landowner liability for conditions on the premises. In particular, Ross states that the complaint's references to a failure to warn or inspect render the complaint ambiguous as to the type of negligence claims being asserted.

Finally, Ross argues that several critical elements of Plaintiffs' claims stand as nothing more than uncorroborated legal conclusions. For instance, the complaint describes Mrs. Marchan as a "business invitee" at the time of her injury. *See* Compl. ¶ 6. Without more, Ross claims that this categorization is insufficient as Mrs. Marchan's legal status could have changed within the store. Additionally, Ross focuses on the complaint's assertions that: (1) Ross negligently allowed a dangerous condition to be created; (2) Ross knew about the condition or allowed the condition to remain for a sufficient length of time that it should have known about it; (3) Ross failed to warn Mrs. Marchan; and (4) Ross failed to inspect its premises in a reasonable manner

and such inspection would have revealed the dangerous condition. *See id.* ¶¶ 12–15. Ross challenges all of these allegations on their lack of a factual foundation.

In their response, Plaintiffs stress the liberal nature of pleading requirements and reiterate the claims contained in the complaint, quoting them verbatim. They stand firmly in support of their complaint in its current state

## II. LEGAL STANDARD

"To survive a [Rule 12(b)(6)] motion to dismiss, plaintiffs must do more than merely state legal conclusions." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). Instead, plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Id.* In ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). However, this tenet does not apply to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At a minimum, a plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## III. DISCUSSION

In the present case, Plaintiffs' complaint is not sufficient to survive a 12(b)(6) motion to dismiss. Though the complaint may contain enough facts to establish that Mrs. Marchan was an

"invitee" as it states that she was injured in the course of shopping at a store held open to the public, the complaint provides no description of the dividing pole at issue and does not illustrate how it constituted a "dangerous" condition. There are no facts regarding how exactly Mrs. Marchan was injured, nor are there any details about the extent of her injury. Many of the complaint's legal assertions about the extent of Ross's liability are lacking in support as well. There is no factual foundation for the assertion that Ross had actual knowledge of the condition, or that the condition had been present for a sufficient length of time to give Ross constructive notice. Nor is there any factual basis presented for the allegation that Ross failed to inspect its premises in a reasonable manner and that a reasonable search would have revealed the condition. These legal conclusions are not founded on the factual underpinning necessary to withstand a motion to dismiss. As a result, Plaintiffs' claims remain speculative at this time.

## IV. CONCLUSION

For the above reasons, it is

**ADJUDGED** that Defendant Ross Dress for Less's Motion to Dismiss Complaint is GRANTED without prejudice and with leave for Plaintiffs to file an amended complaint by no later than **September 5, 2012**.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of August, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record