UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-22224-CIV-MORENO

MARIA H. MARCHAN and RAMON MARCHAN,

    Plaintiffs,

vs.

ROSS DRESS FOR LESS, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Amended Complaint or Alternative Motion for a More Definite Statement (**D.E. No. 13**), filed on **September 13, 2012**. Plaintiffs Maria H. Marchan and Ramon Marchan brought a negligence suit against Defendant Ross Dress for Less to recover damages for injuries that Mrs. Marchan sustained while shopping at one of Ross's stores. This Court granted Ross's motion to dismiss Plaintiffs' original complaint for failure to state a claim on August 21, 2012. *See Marchan v. Ross Dress for Less*, No. 12-22224-CIV-MORENO, 2012 U.S Dist. LEXIS 118141 (S.D. Fla. Aug. 21, 2012). Plaintiffs subsequently filed an amended complaint on September 5, 2012. Ross responded in kind with the present motion to dismiss, asserting again that Plaintiffs had failed to state a cause of action. The Court agrees that Plaintiffs' amended complaint fails to assert a plausible claim against Ross. Accordingly, the Court grants Ross's motion to dismiss without prejudice.

### I. FACTUAL BACKGROUND

In their amended complaint, Plaintiffs assert that Ross breached its duty as a landowner to

Mrs. Marchan by placing dividing poles near the cash registers at one of its locations. They claim that, because "[t]he poles were placed so close to each other as to not allow the safe passage through the same without making contact with the poles if one was pushing a shopping cart," the poles constituted a dangerous condition. *See* Am. Compl. ¶ 20. After Mrs. Marchan fractured her hip while shopping at a Ross location by steering her shopping cart into one of the dividing poles, she sued Ross for negligence citing the landowner's duty to business invitees. Plaintiffs now assert that Ross breached its duty by failing to warn Mrs. Marchan about this dangerous condition as well as by failing to maintain its premises in a reasonably safe condition.

Ross once again seeks to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Rule 12(b)(6), or alternatively moves for a more definite statement.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8, a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss under Rule 12(b)(6), a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). However, this tenet does not apply to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At a minimum, a plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In other words, the complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Twombly*, 550 U.S. at 556.

### III. DISCUSSION

As it did with its first motion to dismiss, Ross argues that the complaint lacks sufficient facts indicating how the poles constituted a dangerous condition apart from a general conclusion that the poles were "too close to each other creating a hazard to individuals." *See id.* Similarly, Ross asserts that the complaint offers nothing more than unsubstantiated conclusions that it had actual or constructive notice of the condition. In addition, it maintains that it had no duty to warn its customers about the poles as they were in plain sight to all. Finally, Ross stresses that it could not have owed a duty of care to Mrs. Marchan as she herself was the cause of her own injury.

Mirroring their initial response as well, Plaintiffs emphasize a liberal interpretation of pleading requirements and reiterate the claims contained in the complaint, quoting many of them verbatim. They stand firmly in support of their complaint in its current state.

Under Florida law, landowners owe two duties to business invitees. First, they must "use reasonable care in maintaining the premises in a reasonably safe condition." *Sammon v. Target Corp.*, No. 8:11-cv-1258-T-30EAJ, 2012 U.S. Dist. LEXIS 128932, at *6 (M.D. Fla. Sept. 11, 2012) (quoting *Emmons v. Baptist Hosp.*, 478 So. 2d 440, 442 (Fla. Dist. Ct. App. 1985)). Second, landowners must "give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him

through the exercise of due care." *Id.* at *6–7 (quoting *Emmons*, 478 So. 2d at 442).

Here, the facts do not implicate the latter duty to warn. The poles at issue were not concealed in any way, but were in fact visible to all of Ross's customers. Indeed, Plaintiffs make no effort in their complaint to allege that the poles were concealed other than to say that Mrs. Marchan "had no prior knowledge of [the poles] as the condition was not obvious or apparent to [her]." Am. Compl. ¶ 22.

Regarding the duty to maintain the premises in reasonably safe condition, the complaint includes many of the same flaws that the original complaint contained. From the outset, the amended complaint fails to adequately account for how exactly the poles were a dangerous condition that rendered Ross's premises unsafe. Rather, Plaintiffs make the ambiguous and unsupported conclusion that the poles were unsafe because they were placed "so close to each other as to not allow the safe passage through the same without making contact with the poles if one was pushing a shopping cart." *See id.* ¶ 20.

In addition, Plaintiffs have done nothing to provide sufficient facts demonstrating that Ross breached its duty to maintain the safety of its premises. As with their original complaint, Plaintiffs provide no assertions that Ross failed to exercise reasonable care beyond blanket statements that Ross "knew or should have known that such condition existed and should have acted to prevent injury to Plaintiff," and that it "failed to inspect the subject premises in a reasonable manner, and that a reasonable inspection would have revealed the defect and/or that a dangerous condition existed." *Id.* ¶¶ 21, 23. Without any factual foundation to support these claims, Plaintiffs' allegations remain speculative. Consequently, the Court grants Ross's motion to dismiss.

## IV. CONCLUSION

For the above reasons, it is

**ADJUDGED** that Ross's Motion to Dismiss Amended Complaint or Alternative Motion for a More Definite Statement **(D.E. No. 13)**, filed on **September 13, 2012**, is GRANTED without prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of October, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record